435 P.2d 921

**IDEAL ELECTRIC COMPANY, a Utah corporation, Plaintiff,**

v.

**Gary J. WILLEY, Jack A. Richards and Hope S. Richards, Defendants and Respondents,**

and

**Louis B. Riggs and Lucy S. Riggs, Defendants and Appellants.**

**No. 10955.**

Supreme Court of Utah.

Jan. 9, 1968.

Ted S. Perry, Logan, for appellants.

Jack A. Richards, Carl T. Smith, Ogden, for respondents.

TUCKETT, Justice:

This action was commenced by creditors of Gary Willey and New Empire Development Company on mortgages and liens against an apartment building constructed in Ogden, Utah. That portion of the proceedings here on appeal deals with a dispute between the appellants, Louis B. Riggs and Lucy S. Riggs, and Gary J. Willey, Jack A. Richards and Hope S. Richards, the defendants and respondents. The court below found in favor of Jack A. Richards and Hope S. Richards and ordered that upon payment by the Richardses of the sum of $2,790.81 to the Riggses that title to the land in question be quieted in the Richardses.

Prior to March 18, 1965, Louis B. Riggs was the owner of a tract of land in Ogden, Utah, approximately 144 feet long and 88 feet wide to the south of the Towne Apartments which had been constructed by Gary

J. Willey. On March 18, 1965, Louis B. Riggs and Gary J. Willey entered into an agreement whereby Willey agreed to purchase the land for a price of $3,000. Under the terms of the agreement Willey paid the sum of $1,000 on the date of the instrument and agreed to pay the sum of $1,000 on July 1, and a further sum of $1,000 on October 1, 1965. Willey entered into possession of the lot and expended the sum of $2,400 in preparing the lot and adjoining driveway as parking space for the tenants of the apartment complex.

On August 3, 1965, at the request of Willey, Louis B. Riggs and wife executed a deed to the parking lot to the New Empire Development Company. Willey gave his personal check to Riggs for the balance of the purchase price of $2,000. Willey's check was not honored but was returned to the Riggses marked "account closed." Willey testified that the Western States Title Insurance Company, which was his agent in the transfer of the title, had been instructed not to record the deed until the check cleared. Nevertheless the deed was recorded by the Title Company before the check cleared. Riggs, upon learning that the check had not cleared, had a conversation with Willey wherein Willey asked for and received one week to make the check good.

On or about September 22, 1965, a deed was executed by the New Empire Development Company reconveying the title to the property to Louis B. Riggs and Lucy S. Riggs, his wife. The court found that the reconveyance to the Riggses was intended by Willey and the New Empire Development Company to secure the obligation owed to Riggs under the contract and as security for payment of the balance due thereunder. The court further found that the reconveyance was not intended as a cancellation of the original contract.

We are of the opinion that the court's finding that the contract had not been rescinded is amply supported by the evidence. The court further concluded that the deed reconveying the property to the Riggses was in effect a mortgage to secure the payment to them of the balance due under the contract. With this conclusion we are unable to agree. There is no evidence that the Riggses intended the reconveyance to them to be a mortgage. The transaction here it would seem is lacking in those essentials which would tend to show that the conveyance to the Riggses was intended by the parties as a security transaction. We do not believe that the conclusion of the trial court is in conformity with the prior decisions of this court and the decisions of other jurisdictions relating to the problem, which hold that the instrument must be regarded as a mortgage by both parties before it is such.[1]

1. Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 692.

## 184

We conclude, however, that the court's finding and conclusion that the contract of sale entered into by the parties had not been rescinded is correct. Based upon that determination it must be concluded that Willey or his successors in interest, the Richardses, are entitled to a conveyance of the property upon the payment to Riggs of the purchase price.

We are of the opinion that the trial court arrived at a proper and equitable result and the decision of the court is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.